[Cite as *State v. Hilliard*, 2015-Ohio-3142.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102214**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RUDOLPH   HILLIARD

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-535768-A

**BEFORE:**   E.A. Gallagher, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 6, 2015

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Mary McGrath
      Brent Kirvel
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Rudolph Hilliard appeals his convictions and sentences following his guilty pleas to aggravated murder in violation of R.C. 2903.01(A), and kidnapping in violation of R.C. 2905.01(A)(2). He contends that he was improperly convicted of allied offenses of similar import and that his sentence on the aggravated murder count was contrary to law because the trial court failed to properly consider the principles and purposes of sentencing under R.C. 2929.11 and the relevant statutory factors under R.C. 2929.12 when sentencing him. For the reasons that follow, we affirm Hilliard's convictions and sentences.

### Factual and Procedural Background

**{¶2}** Hilliard's convictions arose out of a March 22, 2010 incident[1] in which Hilliard killed 22-year-old Shafon Tucker, with whom he had been in a romantic but abusive relationship. On March 22, 2010, Hilliard left work, claiming that his mother had died in a car accident. He repeatedly texted and called Tucker and then went to her apartment and waited for her to come home. When Tucker came home, pulled into her driveway and got out of the car, Hilliard "was right there and knifed her to death." Hilliard "poke[d] her with so many holes that the undertaker had to wrap her with plastic prior to wrapping her in clothes to keep the embalming fluid in her body."

---

[1] The facts, as related herein, are based on what was described by the state, defense counsel and Tucker's friends and family during the sentencing hearing.

{¶3} In April 2010, Hilliard was indicted by the Cuyahoga County Grand Jury on one count of aggravated murder in violation of R.C. 2903.01(A), an unclassified felony, and one count of kidnapping in violation of R.C. 2905.01(A)(2), a first-degree felony. Both counts included specifications for forfeiture of a knife. On April 20, 2011, Hilliard pled guilty to both counts as charged in the indictment, agreed to forfeit the knife he used to murder Tucker and waived preparation of a presentence investigation report. On April 28, 2011, the trial court held a sentencing hearing.

{¶4} After hearing from the state, Hilliard, Hilliard's counsel, and several of Tucker's friends and family, the trial court sentenced Hilliard to 25 years to life on the aggravated murder count and seven years on the kidnapping count, to be served concurrently, as well as five years of mandatory postrelease control on the kidnapping count, a life parole tail on the aggravated murder count and forfeiture of the knife used in the murder.

{¶5} During the sentencing hearing, the trial court explained the basis for its sentences as follows:

> After consideration of the record, oral statements made today, the purpose and principles of sentencing, the seriousness and recidivism factors relevant to this offense and this offender, and the need for deterrence, incapacitation, rehabilitation and restitution, it is ordered defendant serve a stated term of 25 years to life on Count 1 and seven years in prison on Count 2 with the terms to be served concurrently.

**{¶6}** In its sentencing journal entry, dated May 2, 2011, the trial court further stated: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."[2]

**{¶7}** The issue of whether the aggravated murder and kidnapping counts were allied offenses of similar import was not raised by either party and was not otherwise addressed by the trial court during sentencing.

**{¶8}** In December 2014, Hilliard was granted leave to file a delayed appeal. He raises the following two assignments of error for review:

> ASSIGNMENT OF ERROR I:
>
> The trial court erred by failing to merge allied offenses of similar import and by imposing separate sentences for allied offenses which violated appellant's state and federal rights to due process and protections against double jeopardy.
>
> ASSIGNMENT OF ERROR II:
>
> Whether the trial court's sentence is supported by the record or is contrary to law.

**Law and Analysis**

**Allied Offenses of Similar Import**

**{¶9}** In his first assignment of error, Hilliard argues that the trial court violated his due process rights and the prohibition against double jeopardy by failing to merge his aggravated murder and kidnapping convictions for sentencing and by imposing separate

---

[2] The trial court's May 2, 2011 sentencing journal entry incorrectly referred to the aggravated murder count as a first-degree felony. On June 14, 2011, the trial court issued a nunc pro tunc entry correcting the error and indicating that the aggravated murder count was an unclassified felony.

sentences for allied offenses of similar import. He argues that the sentences should be vacated and the matter remanded to the trial court for resentencing and merger of the allied offenses.

{¶10} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states, in relevant part, that "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb." This clause, among other things, "protect[s] against the imposition of multiple punishments for the same offense." *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 16, citing *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), and *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 24. This protection applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution and is also guaranteed by Article I, Section 10 of the Ohio Constitution. *State v. Ruff*, Slip Opinion No. 2015-Ohio-995, ¶ 10, citing *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

{¶11} "[W]hen multiple punishments are imposed in the same proceeding," however, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Rogers* at ¶ 16, citing *Garrett v. U.S.*, 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), and *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 8; *see also Ruff* at ¶ 11. As the Ohio Supreme Court has recognized, "[a]bsent a more specific legislative

statement, R.C. 2941.25 is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct." *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11, citing *State v. Childs*, 88 Ohio St.3d 558, 561, 728 N.E.2d 379 (2000).

{¶12} R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶13} Thus, under R.C. 2941.25, a defendant charged with more than one offense arising from the same incident may be convicted of multiple offenses only "if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Ruff* at ¶ 13, citing *State v. Moss*, 69 Ohio St.2d 515, 519, 433 N.E.2d 181 (1982).

{¶14} We note that the Ohio Supreme Court has held on a number of occasions that aggravated murder and kidnapping are not allied offenses of similar import under R.C. 2941.25. *See, e.g., State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 51; *State v. Coley*, 93 Ohio St.3d 253, 265, 754 N.E.2d 1129 (2001); *State*

*v. Keenan*, 81 Ohio St.3d 133, 154, 689 N.E.2d 929 (1998); *State v. Jells*, 53 Ohio St.3d 22, 32-33, 559 N.E.2d 464 (1990).   However, these cases pre-dated *Ruff*.

{¶15} In *Ruff*, *supra,* the Ohio Supreme Court clarified the test courts must employ in determining whether two or more offenses arising out of the same incident are allied offenses that merge into a single conviction under R.C. 2941.25, stating:

> When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. R.C. 2941.25(B).
>
> A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant.   In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses (1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.
>
> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. * * * [A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense.   We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Ruff*, Slip Opinion No. 2015-Ohio-995, at ¶ 24-26.

**{¶16}** Hilliard, however, did not raise an allied offense issue or otherwise object to the sentences imposed by the trial court. Rather, Hilliard argues for the first time on appeal that his convictions for aggravated murder and kidnapping are allied offenses of similar import that should have merged for sentencing. By failing to seek the merger of his convictions as allied offenses of similar import in the trial court, Hilliard has forfeited his allied offenses claim, except to the extent it constitutes plain error. *Rogers*, Slip Opinion No. 2015-Ohio-2459, at ¶ 21-25, citing *State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15-16.

**{¶17}** "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22. The defendant "bears the burden of proof to demonstrate plain error on the record." *Id.*, citing *Quarterman* at ¶ 16. To demonstrate plain error, the defendant must show "an error, i.e., a deviation from a legal rule" that was "an 'obvious' defect in the trial proceedings," and that the error "affected a substantial right," i.e., the defendant must demonstrate a "reasonable probability" that the error resulted in prejudice, affecting the outcome of the trial. *Rogers* at ¶ 22; *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "We recognize plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Lyndhurst v. Smith*, 8th Dist. Cuyahoga No. 101019, 2015-Ohio-2512, ¶ 32, quoting *State v. Landrum*, 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990).

**{¶18}** Hilliard was convicted of aggravated murder in violation of R.C. 2903.01(A), and kidnapping in violation of R.C. 2905.01(A)(2). R.C. 2903.01(A) provides, in relevant part: "No person shall purposely, and with prior calculation and design, cause the death of another * * *." R.C. 2905.01(A)(2) provides, in relevant part: "No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter." Hilliard claims that the aggravated murder and kidnapping counts were committed by the same conduct with a single animus against the same victim and that the two offenses, therefore, should have merged for sentencing.

**{¶19}** Under *Ruff*, as stated above, the allied-offense analysis "is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Ruff*, Slip Opinion No. 2015-Ohio-995, at ¶ 26. "[T]he analysis must focus on the defendant's conduct * * * because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation." *Id.* at ¶ 30.

**{¶20}** Hilliard asserts that the facts set forth in the bill of particulars and the state's description of the incident during the sentencing hearing indicate that the aggravated murder and kidnapping counts were allied offenses of similar import because "[t]here is no statement or factual basis * * * that would indicate or suggest an independent crime of kidnapping." He contends that the bill of particulars describes "a single event" and that

because "the prosecutor stated at sentencing that appellant knifed the victim as soon as she got out of her car," "[a]ny restraint of the victim was incidental to the purpose alleged in [the aggravated murder] count" and did not support a separate kidnapping conviction.

{¶21} The bill of particulars provides, in relevant part:

Responding to the request of the Defendant, Rudolph Hilliard, for a Bill of Particulars, the Prosecuting Attorney says that the State of Ohio will prove on the trial of the above-entitled case, the following:

**Aggravated Murder, 2903.01(A)**

That on or about March 22, 2010, and at the location of 1105 East 71st St., Cleveland, OH 44103, the Defendant, Rudolph Hilliard, did purposely, and with prior calculation and design, cause the death of Shafon Z. Tucker contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio. * * *

**Kidnapping, 2905.01(A)(2)**

That on or about March 22, 2010, and at the location of 1105 East 71st St., Cleveland, OH 44103, the Defendant, Rudolph Hilliard, did, by force, threat, or deception, purposely remove Shafon Z. Tucker from the place where she was found or restrain the liberty of her for the purpose of facilitating the commission of a felony to wit: Aggravated Murder, R.C. 2903.01(A) or flight thereafter contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio. * * *

{¶22} With respect to the description of the incident provided by the prosecutor, the prosecutor stated only that "[Hilliard] went up and sat at 71st and St. Clair where she lived in this new apartment * * * and waited for her to come home and got her, caught her coming in this long driveway, followed her. When she got out of her car, he was right there and knifed her to death." Significantly, the prosecutor did not state, as Hilliard contends, that Hilliard "knifed the victim *as soon as* she got out of the car." (Emphasis

added.) Neither the bill of particulars nor the transcript from the sentencing hearing outlines the specific facts that led to Hilliard's kidnapping conviction or its relationship to his aggravated murder conviction, and there is nothing else in the record that contains this information. In particular, there is nothing in the record that indicates how the kidnapping was committed — i.e., did Hilliard move Tucker or restrain her liberty, did he do so by force, threat or deception, where did the conduct giving rise to the kidnapping conviction occur and when and for how long did it occur? The "very limited facts" in the record regarding Hilliard's conduct during the incident are insufficient for us to perform an analysis under *Ruff* of whether the kidnapping and aggravated murder offenses are allied offenses of similar import.

{¶23} Acknowledging the sparse factual information in the record, Hilliard argues, in the alternative, that even if the record contains insufficient information to determine whether the offenses are allied, "this * * * still compels reversal for plain error" based on this court's decision in *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.). However, this decision was reversed, in relevant part, by the Ohio Supreme Court in *Rogers*, Slip Opinion No. 2015-Ohio-2459.

{¶24} As it relates to this case, *Rogers* involved "the effect of a trial court's failure to inquire or address an allied-offense question where it is clear from a facial review of the charges that the offenses may be allied, even when the facts necessary to determine the conduct of the offender are missing." *Rogers*, 2013-Ohio-3235, at ¶ 24. In *Rogers*, the defendant was indicted on two counts of receiving stolen property — one count for a

pickup truck and one count for tires and rims — and one count of possessing criminal tools, i.e., a jack, tow chain and lug-nut wrench. *Rogers*, Slip Opinion No. 2015-Ohio-2459, at ¶ 8. The defendant, Rogers, entered guilty pleas to each of the counts, and the trial sentenced him to 12 months in prison for receiving the stolen truck, six months for receiving the tires and rims and six months for possession of criminal tools, to be served consecutively. *Id.* at ¶ 10. There was no discussion of allied offenses at the sentencing hearing, and Rogers did not otherwise object to the sentences imposed by the trial court. *Id.* On appeal, Rogers argued for the first time that his convictions should have merged for sentencing. *Id.* at ¶ 11. Applying a plain error analysis, this court affirmed Rogers's convictions and sentences, stating that it could not find plain error because there were insufficient facts in the record from which it could be determined whether an error had occurred. *State v. Rogers*, 2013-Ohio-1027, 990 N.E.2d 1085, ¶ 18-19 (8th Dist.). We then, sua sponte, granted en banc consideration. This court, sitting en banc, observed that the receiving stolen property offenses involved the same victim and the possession of criminal tools offense occurred on the same date as the receiving stolen property offenses but noted that it was unclear from the record whether the tires and rims were from the stolen pickup truck or another vehicle or how the criminal tools were related to either of the receiving stolen property offenses, stating "[t]here are simply no facts in the record to aid in our mandated de novo review of the issue." *Rogers*, 2013-Ohio-3235, at ¶ 25. This court concluded where it is clear from a facial review of the charges that two offenses may be allied offenses of similar import but

the facts necessary to determine the conduct of the offender are missing, the trial court has "a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge" for sentencing and that a defendant's failure to raise an allied offense of similar import issue in the trial court is not a bar to appellate review of the issue. *Id.* at ¶ 63.

{¶25} Based on a conflict with a Sixth District decision, this court certified two issues relevant to our analysis in this case to the Ohio Supreme Court:

> (1) Whether a trial court commits plain error where multiple offenses present a facial question of allied offenses of similar import, yet the trial court fails to determine whether those offenses should merger under R.C. 2941.25 at sentencing; and

> (2) Whether the failure of a defendant to raise an allied-offense issue or to object in the trial court can constitute an effective waiver or forfeiture of a defendant's constitutional rights against double jeopardy and a bar to appellate review of the issue when the record is silent on the defendant's conduct?

*Rogers*, Slip Opinion No. 2015-Ohio-2459, at ¶ 1.

{¶26} The Ohio Supreme Court answered each of these questions in the negative, "revers[ing] the judgment of [this court] that [was] based on its holding that a trial court has a duty to inquire about allied offenses if the defense fails to raise it at sentencing" and reinstating the sentences imposed by the trial court. *Id.* at ¶ 3, 6. The court explained:

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's

failure to inquire whether the convictions merge for purposes of sentencing was plain error.

* * *

> In this case, it is undisputed that Frank Rogers failed to object to his sentences in the trial court; thus, he forfeited appellate review of the argument that he had been sentenced for allied offenses of similar import. And because he has failed to demonstrate that he has, in fact, been sentenced for allied offenses of similar import committed with the same conduct and without separate animus, his claim that the trial court committed plain error fails.

*Id.* at ¶ 3, 5.   As applied to the specific facts of Rogers's case, the court further stated:

> There may be instances when a court's failure to merge allied offenses can constitute plain error, but this case does not present one of those instances. Rogers failed to demonstrate any probability that he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus, and he therefore failed to show any prejudicial effect on the outcome of the proceeding.
>
> It is entirely reasonable for a court to infer in this case that Rogers received or retained the stolen truck and then removed the tires and rims in order to dispose of them, thereby committing separate and distinct acts resulting in two separate and distinct counts of [receiving stolen property ("RSP")], one for receiving or retaining the truck and the other for disposing of the tires and rims. The elements of [possession of criminal tools ("PCT")] (R.C. 2923.24) are distinct from the elements of RSP (R.C. 2913.51), and thus, that offense was not committed by the same act and is not an allied offense of the RSP counts. Tellingly, Rogers has not argued that he committed these offenses together and with the same animus, and the trial court therefore reasonably sentenced him on each of these separate convictions.

*Id.* at ¶ 25-26.

{¶27} The court held that unless a defendant shows, based on the record, a reasonable probability that his convictions are for allied offenses of similar import committed with the same conduct and without a separate animus, he cannot demonstrate

that the trial court's failure to inquire whether the convictions merged for sentencing was plain error. *Id.* at ¶ 29. Because Rogers had not met his burden, there was no plain error. *Id.*

{¶28} This case shares a number of similarities with *Rogers*. As in *Rogers*, Hilliard argued for the first time on appeal that his convictions should have merged for sentencing, forfeiting all but plain error review. As in *Rogers*, the facts in the record here are insufficient to enable us to determine whether Hilliard's kidnapping and aggravated murder convictions involve allied offenses of similar import. Accordingly, based on *Rogers*, we are compelled to find that Hilliard failed to meet his burden of demonstrating a reasonable probability that his convictions constituted allied offenses of similar import.[3] The trial court, therefore, did not commit plain error in failing to merge Hilliard's aggravated murder and kidnapping convictions for sentencing. Hilliard's first assignment of error is overruled.

**Claim that Sentence Not Supported By the Record and Contrary to Law**

{¶29} In his second assignment of error, Hilliard contends that his sentence of 25 years to life on the aggravated murder count is clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b). He argues that "his offender characteristics and the facts

---

[3] In its brief, the state acknowledges that the trial court engaged in no allied offense analysis during sentencing and asserts that the matter should be remanded so that either (1) the trial court may conduct a hearing to determine whether Hilliard's offenses were allied offenses of similar import based on the analysis set forth in *Ruff, supra,* or (2) for the state to elect to have Hilliard sentenced on the aggravated murder count. The state's brief, however, was filed before the Ohio Supreme Court decided *Rogers, supra.*

that were placed on the record" do not support the imposition of a sentence greater that the minimum term of 20 years to life and that, because the trial court "made no findings and gave no reasons" for its sentence, this court should modify his sentence to the minimum term of 20 years to life or remand the case to the trial court to impose a reduced sentence. Specifically, he argues that the fact that he was remorseful and had no prior criminal record (apart from prior incidents of abuse involving Tucker), the fact that the crime "stemmed from a failed relationship that seemed to have provoked [Hilliard's] behavior" and unspecified mitigating factors revealed in his psychological examination warranted a lesser sentence, based on the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. Hilliard's argument lacks merit.

{¶30} R.C. 2953.08(D)(3) expressly "excludes sentences imposed for aggravated murder * * * from appellate review." *State v. White*, 8th Dist. Cuyahoga No. 101576, 2015-Ohio-2387, ¶ 67-68 (defendant's claim that sentences imposed on murder and aggravated murder counts were contrary to law because trial court did not engage in a proportionality analysis was not subject to appellate review under R.C. 2953.08(D)(3)), citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 19. R.C. 2953.08(D)(3) provides: "A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." As this court has previously explained, "the general felony sentencing statutes are inapplicable to aggravated murder because 'aggravated murder is governed by

a special statutory scheme, carries a mandatory punishment, is not classified by degree of felony, and is expressly exempted from * * * sentencing requirements inapplicable to felonies of lesser degrees.'" *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 62, quoting *State v. Hollingsworth*, 143 Ohio App.3d 562, 567-568, 758 N.E.2d 713 (8th Dist.2001). Hilliard was sentenced for aggravated murder pursuant to R.C. 2929.03. Accordingly, R.C. 2953.08(D)(3) applies. Neither Hilliard nor the state discussed the applicability of R.C. 2953.08(D)(3) in their briefs.

{¶31} The Ohio Supreme Court has held that R.C. 2953.08(D)(3) is "unambiguous" and "clearly means what it says: such a sentence cannot be reviewed." *Porterfield* at ¶ 17; *see also Jackson* at ¶ 61-64 (rejecting defendant's claim that trial court failed to consider his mental illness as a mitigating factor under R.C. 2929.12, noting that "evidentiary review of a sentence imposed by a trial court pursuant to R.C. 2929.03(A)(1)(a) is precluded"); *State v. Hawkins*, 4th Dist. Gallia No. 13CA3, 2014-Ohio-1224, ¶ 13-15 (appellate court lacked statutory authority to consider defendant's argument that sentence for aggravated murder was "unreasonable" because he "lived a primarily law-abiding life," was "a 'quiet, hard-working, decent person'" and his actions against victim were "an aberration from his normal, quiet self" under R.C. 2953.08(D)(3)); *State v. Jones*, 2d Dist. Clark No. 2012CA61, 2013-Ohio-4820, ¶ 26 ("Pursuant to R.C. 2953.08(D)(3) and case law interpreting this statute, this Court is without statutory authority to review appellant's sentence on an evidentiary basis."); *State v. Patterson*, 5th Dist. Stark No. 2012CA00098, 2013-Ohio-1647, ¶ 70 (same).

Accordingly, pursuant to R.C. 2953.08(D)(3), we lack statutory authority to review Hilliard's sentence for aggravated murder on an evidentiary basis.

{¶32} Even if we were to address Hilliard's argument, both the trial court's May 2, 2011 sentencing journal entry and the transcript from the sentencing hearing reflect that the trial court considered both the purpose and principles of sentencing under R.C. 2929.11 and the relevant factors under R.C. 2929.12 when sentencing Hilliard. The record reflects that the trial court heard and considered Hilliard's claims of responsibility for his actions, his remorse regarding how his actions had adversely impacted the victim's family and references to information regarding his background, "offer[ed] by way of mitigation," disclosed through "some psychiatric testing that was done." However, the record reflects that the trial court also heard and considered how Hilliard had previously abused Tucker, how she had taken steps to try and get away from him, how he continued to contact her, how he crafted a story falsely claiming that his mother had died in order to leave work early and ambush Tucker the evening of the incident and the impact of her death on her friends and family. Hilliard does not dispute that his sentence of 25 years to life falls within the statutory range for aggravated murder. Thus, the trial court's sentence was supported by the record and is not contrary to law. Hilliard's second assignment of error is overruled.

{¶33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR