[Cite as *State v. Ross*, 2018-Ohio-2297.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106167**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LEON ROSS, III**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-616793-A

**BEFORE:** Laster Mays, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

-i-

**ATTORNEY FOR APPELLANT**

Edward F. Borkowski, Jr.
P.O. Box 609151
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Scott C. Zarzycki
Mary M. Frey
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Leon Ross, III ("Ross"), appeals his sentence and asks this court to remand to the trial court for resentencing. We affirm.

{¶2} Ross pleaded guilty to one count of aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1); and one count of theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(1). The trial court sentenced Ross to 6 years imprisonment for the aggravated robbery count and 12 months for the theft. The trial court ordered that the two sentences be served concurrently with each other, but consecutively to two unrelated prior cases.[1]

## I.    Facts

{¶3} The facts in this case were recited at the sentencing hearing by the assistant county prosecutor. He stated,

> They were — the victim and the defendant were friends. They knew each other prior to this robbery. This wasn't a stranger robbery. The victim sought out the defendant to purchase some marijuana and he was car jacked. Similar facts to his other case that he had already — that he had already pled guilty to. This happened in November so it predated his other cases just to make the [c]ourt aware of that. And so we're asking for the appropriate sentence, so this is a separate and distinct aggravated robbery from another similar aggravated robbery, both with guns. Thanks.

(Tr. 26.)

{¶4} During the sentencing hearing, the trial court engaged in a lengthy conversation with Ross regarding his criminal behavior and the effects his behavior has on the community. The trial court, while discussing the unrelated cases, focused on that fact that those cases also

---

[1] On April 18, 2017, appellant was sentence to a 5-year term of imprisonment on Cuyahoga C.P. No. CR-17-613974 and to a 15-month term of imprisonment on Cuyahoga C.P. No. CR-17-613248. The sentences were ran concurrent to each other for a total of 5 years imprisonment.

involved the possession of guns by Ross. Ross filed this appeal assigning two errors for our review:

> I.     The trial court erred by failing to make the required findings pursuant to R.C. 2929.14(C)(4) before imposing a consecutive sentence; and
>
> II.    The trial court erred by failing to merge allied offenses.

## II.     Consecutive Sentences

{¶5} In Ross's first assignment of error, he argues that the trial court erred by failing to make the required findings required under R.C. 2929.14(C)(4) before imposing consecutive sentences involving an existing sentence in an unrelated case.

> We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

*State v. Blevins*, 8th Dist. Cuyahoga No. 105023, 2017-Ohio-4444, ¶ 13.

> {¶6}    The consecutive sentence statute, Ohio R.C. 2929.14(C)(4), provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶7}** Accordingly,

[i]mposing consecutive prison terms for multiple convictions, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state its reasons on the record. *See* R.C. 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error. *See State v. Albert*, 124 Ohio App.3d 225, 705 N.E.2d 1274 (1997); *see also, State v. Gary*, 141 Ohio App.3d 194, 750 N.E.2d 640 (2001).

*State v. Glass*, 8th Dist. Cuyahoga No. 81275, 2003-Ohio-1505, ¶ 17.

**{¶8}** The trial court is not required to recite the language from R.C. 2929.14(C)(4)

verbatim.

This court has set forth the current law relating to consecutive sentences in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453. The statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words," however, it must be *clear from the record that the trial court actually made the findings required* by statute. *Venes* at ¶ 14, 17; *see also State v. Pierson*, 1st Dist. Hamilton No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).

(Emphasis added.) *State v. Marton*, 8th Dist. Cuyahoga No. 99253, 2013-Ohio-3430, ¶ 13.

**{¶9}** The journal entry stated that,

[t]he court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

*See* journal entry No. 100014863 dated (Aug. 8, 2017).

{¶10} After a review of the record, we find that the trial court made the necessary findings to support consecutive sentencing. The trial court referenced Ross's criminal history of pointing guns at people in four previous cases. (Tr. 30.) With reference to protecting the public from future crime, the trial court stated that Ross's thinking was flawed and hopefully he would get programming in jail so that his thinking would not be flawed in the future. The trial court referenced that if this is done it may "help make our neighborhoods safe again." (Tr. 34.) The trial court referenced that the whole community knows that Ross was out carrying a gun and "doing all this" for four previous occasions and then doing it a fifth time. (Tr. 30.)

{¶11} The record also reflects that the trial court addressed the disproportionate factor and the danger Ross poses to the public. Specifically, the trial court stated:

COURT: You're the one that makes it dangerous, aren't you? You're the boogy man. You're the guy walking around with the gun, holding other people up, aren't you? What makes —

ROSS: Yes, your Honor.

COURT: What else makes your neighborhood dangerous other than people walking around with guns pointing them at people. Tell me. Because I don't know anything else that's as dangerous as that.

* * *

I'd be thinking that you are ready to kill me.

* * *

You know, you're the person that makes your community dangerous. No matter what anyone might think, it's not the guy sitting on the corner smoking a joint. He's not making the community dangerous. It's the guy pointing the gun * * *.

(Tr. 28-30.)

**{¶12}** In essence, the record reflects that the trial court stated that Ross is a danger to the community because of his violent behavior, and that the community is safer with him in prison. (Tr. 32, 34.)   Therefore, we find that all appropriate findings were made on the record and that the consecutive sentence is not contrary to the law.

**{¶13}** Ross's first assignment of error is overruled.

## II.    Allied Offenses

**{¶14}** In Ross's second assignment of error, he contends that the trial court erred by failing to address the issue of allied offenses where Ross was sentenced on multiple convictions and merger was a possibility.   Specifically, Ross argues that the trial court should have independently reviewed the issue of allied offenses regarding aggravated robbery and theft where a sentencing agreement was not reflected on the record and a possibility of merger existed;   and Ross should have only been sentenced on one of the offenses.   "We review a trial court's R.C. 2941.25 allied offenses determination under a de novo standard.   *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28."   *State v. Grayson*, 8th Dist. Cuyahoga Nos. 105081 and 105082, 2017-Ohio-7175, ¶ 17.

> Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result because an offense may be committed in a variety of ways and the offenses committed may have different import.   No bright-line rule can govern every situation.
>
> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses:   (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions.   The conduct, the animus, and the import must all be considered.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 30-31.

{¶15} After a review of the record, Ross did not raise an allied offense issue or otherwise object to the sentences imposed by the trial court. Rather, Ross argues for the first time on appeal that his convictions for aggravated robbery and theft are allied offenses of similar import that should have merged for sentencing. By failing to seek the merger of his convictions as allied offenses of similar import in the trial court, Ross has forfeited his allied offenses claim, except to the extent it constitutes plain error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-25, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15-16.

> Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden of proof to demonstrate plain error on the record, *Quarterman* at ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d 1240 (2002). However, even if the error is obvious, it must have affected substantial rights * * *.

*Rogers* at ¶ 22.

{¶16} We must first address Ross's contention that the trial court should have inquired regarding the possibility of the aggravated robbery and theft being allied offenses. This issue has been determined by the Ohio Supreme Court.

{¶17} After a conflict was certified, the Ohio Supreme Court reversed its judgment that was based on the holding that a trial court has a duty to inquire about allied offenses if defense counsel failed to raise the issue at sentencing. *Rogers* at ¶ 6. Thus, Ross's argument fails regarding the trial court's duty to inquire.

{¶18} We now turn to the issue of whether Ross's substantial rights were affected. The facts are limited in this matter as stated by the prosecutor, however, the record reveals that Ross

pleaded guilty to aggravated robbery when he used a weapon to steal $40 from the victim. Ross then pleaded guilty to theft for stealing the victim's car. R.C. 2941.25(B) states,

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶19} This case is similar to *State v. Hilliard,* 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142. In *Hilliard*, there was nothing in the record that outlined the specific facts that led to his kidnapping or aggravated murder convictions. There was nothing in the record that detailed how the kidnapping was committed, whether the victim was restrained, moved, threatened, or deceived. The *Hilliard* court determined that "[t]he 'very limited facts'" in the record regarding Hilliard's conduct during the incident are insufficient for us to perform an analysis under *Ruff* of whether the kidnapping and aggravated murder offenses are allied offenses of similar import. *Id*. at ¶ 22.

{¶20} This case is also analogous to the 2013 *Rogers* case in which the facts were also limited. There is nothing in the record that details how the robbery happened, how much time elapsed between the theft of the car or any other facts. The *Hilliard* court following *Rogers* stated,

> [U]nless a defendant shows, based on the record, a reasonable probability that his convictions are for allied offenses of similar import committed with the same conduct and without a separate animus, he cannot demonstrate that the trial court's failure to inquire whether the convictions merged for sentencing was plain error.

*Id*. at ¶ 27.

{¶21} The record in this case, as in *Rogers* and *Hilliard*, contain insufficient facts to determine whether Ross's aggravated robbery and theft convictions involve allied offenses of

similar import. Following the decisions held in *Rogers* and *Hilliard,* Ross failed to meet his burden of demonstrating a reasonable probability that his convictions constituted allied offenses of similar import. *Hilliard* at ¶ 28. Therefore, we find that the trial court did not commit plain error in failing to merge Ross's convictions.

{¶22} According to the record, Ross first deprived the victim of the $40 and then stole the car. We distinguish these facts from the situation if Ross stole the victim's car, and the $40 was in the car at the time of the robbery. Then an argument could be made that the two offenses would be allied.

{¶23} Ross's second assignment of error is overruled.

{¶24} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR