# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106469**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAMARA AYERS TEAQUE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-618115-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** September 27, 2018

[Cite as *State v. Teaque*, 2018-Ohio-3997.]
**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Ste. 200
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Carl Mazzone
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Tamara Ayers Teaque appeals from her sentence on four counts of receiving stolen property ("RSP"), arguing in six assignments of error that Teaque's offenses should have merged for sentencing; she received ineffective assistance of counsel at sentencing; the imposition of consecutive sentences was contrary to law; the sentence is not supported by the record; the trial court lacked authority to impose sentence after pronouncement; and the trial court violated Teaque's due process when it increased her sentence. For the reasons below, we find merit to Teaque's first assignment of error and therefore reverse the trial court.

{¶2} On July 10, 2017, Teaque was charged with four counts of RSP. Counts 1 through 3 of the indictment alleged that Teaque "did receive, retain, or dispose of a shotgun, [Serial Nos. J204576-32, A828460, and HHRF, respectively], the property of Lalescia Hicks, knowing or having reasonable cause to believe that the property had been obtained through commission of a theft offense * * *." Count 4 varied only in its identification of a rifle as the property of Lalescia Hicks. All four counts alleged that the offense occurred "on or about March 15, 2017." Additionally, the bill of particulars for each count provided that Teaque "did receive, retain, or dispose of" the firearms on the same date and at the same location.

{¶3} On September 13, 2017, the court held a plea hearing, where the prosecutor placed the following on the record:

The victim in this case is * * * Lalescia Hicks. Miss Hicks had several guns that she kept in her home. At some point the guns were stolen from her home, along with about a thousand dollars worth of ammunition.

On the day alleged in the indictment, on or about March 15th, it is believed that the Defendant did come and offer to bring the guns back to Miss Hicks.

These were acquaintances for approximately 18 years. The story that the Defendant gave the police is that she was driving down the street and saw a guy waving one of the rifles on the street and that she recognized that rifle as one belonging to Miss Hicks. So she purchased those guns back for $150 and then tried to bring them back to the * * * victim, at which point the victim did contact the police to say that she had gotten these guns back from, in fact, the Defendant here, and she was charged with the receiving stolen property counts.

Teaque entered a no contest plea to all counts as charged, and the court found her guilty, ordered a presentence investigation report ("PSI"), and scheduled the matter for sentencing.

{¶4} At sentencing, Teaque explained to the court how she came to possess Hicks's guns:

You know, I saw the victim's daughter and she was crying to me and for years I tried to help her with her addiction. She showed me she had her mother's guns, you know, and she swore to me she was going to treatment the next day.

And that's where I made two mistakes. I got the shotguns and took them back to her mother. But when I took them back to her mother, I wasn't honest with her where I got the guns from.

And I want to apologize for not telling you that I got the guns from your daughter, whether you believe it or not, you know.

And then I lied to her and I told her that I got the guns from a guy with a Squirt shirt, and then I suggested that I paid $150 for them, and for that I'm very sorry. But I did not have anything to do with this crime. I just took them back to her and lied. And I apologize also for lying to the police.

{¶5} The court then heard from defense counsel, the prosecutor, and the victim. The court engaged the victim in a discussion regarding the victim's understanding of what occurred. Reading from the PSI, the court stated:

According to the defendant, she and her oldest son were waiting on his father's street. They saw the victim's daughter in the back seat of a car. She called the defendant over to the car. The defendant stated [that] the daughter was filthy and she was high. * * * When the defendant looked into the car, she saw the victim's old rifles. The defendant reportedly told the victim's daughter that she was taking the rifles back to the victim. * * * She then placed the rifles in her trunk and called the victim.

{¶6} After further speaking with the victim, the court imposed a sentence of 18 months imprisonment, on each count, to be served concurrently. Upon receiving her sentence, Teaque shouted, "You bitch!" The record is not clear to whom the comment was directed. After the outburst, however, the court directed the deputies to "bring her

back," and it promptly changed Teaque's sentence to be consecutively served, which ultimately resulted in a prison term of 72 months.

{¶7} In her first assignment of error, Teaque contends that the trial court erred in failing to merge her convictions. Teaque argues that her convictions for the simultaneous receipt of four stolen firearms belonging to the same victim were allied offenses of similar import. She did not, however, raise the issue of merger at her sentencing.

{¶8} R.C. 2941.25, the allied offenses statute, codifies the constitutional right against double jeopardy, thus prohibiting multiple punishments for the same offense. *State v. Robinson*, 8th Dist. Cuyahoga No. 99917, 2014-Ohio-2973, ¶ 53, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. The statute provides when multiple punishments can and cannot be imposed:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25; *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 12.

{¶9} In *Ruff*, the Ohio Supreme Court explained that when a defendant's conduct constitutes a single offense, the defendant may only be convicted and sentenced for that

offense.  *Id.* at ¶ 24.  However, when the conduct "supports more than one offense, the court must determine whether the offenses merge or whether the defendant may be convicted of separate offenses."  *Id.*

**{¶10}** To make this determination, the trial court must necessarily consider the defendant's conduct, specifically considering "how were the offenses committed."  *Id.* at ¶ 25.  In making this determination, the court must evaluate the defendant's conduct, his or her animus, and the import of the offenses:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?

*Id.* at ¶ 31.  If the answer is "yes" to any of the above, the defendant may be convicted of all of the offenses separately.  *Id.*

**{¶11}** The court in *Ruff* continued to explain that

> [w]hen a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense.

*Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26; *State v. Black*, 2016-Ohio-383, 58 N.E.3d 561, ¶ 12 (8th Dist.).

{¶12} Where a defendant fails to raise an objection regarding the nonmerger of alleged allied offenses of similar import, any error associated with the failure to merge is waived, with the exception of plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860. To demonstrate plain error regarding the failure to merge alleged allied offenses, "an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus." *Id.* at ¶ 3. Absent that showing, "the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

{¶13} Here, Teaque pleaded no contest to four counts of receiving stolen property in violation of R.C. 2913.51(A), which provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The items Teaque "received, retained, or disposed of" are all firearms — identified in the indictment as three shotguns and one rifle — and they belonged to the same victim. Regardless of the version of events presented, the record demonstrates that the four firearms were obtained simultaneously in a single transaction or event and they were delivered to the victim at the same time and at the same location. Nothing in the record indicates Teaque acquired the firearms in separate transactions. And the record contains repeated references to "guns" acquired, making no effort to separately identify or distinguish the firearms. The harm suffered by the victim in one count is not separate, identifiable from the harm in the remaining counts. Thus, the offenses were committed with the same conduct, the offenses had a similar import, and Teaque acted with a single animus or purpose.

{¶14} Accordingly, Teaque's convictions for "receiv[ing], retain[ing], or dispos[ing] of" multiple firearms simultaneously, where there is no separate, identifiable harm, should have merged for sentencing purposes. We therefore find the trial court erred in sentencing Teaque separately for each RSP conviction. Teaque's first assignment of error is sustained. The remaining assignments of error are moot.

{¶15} Judgment reversed and remanded for resentencing, with instructions for the state to elect upon which count to proceed in sentencing.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR