[Cite as *State v. Nelson*, 2019-Ohio-3365.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 107823

    v.                                :

GREGORY NELSON, JR.,                     :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 22, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-609333-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey and Gregory Ochocki, Assistant Prosecuting Attorneys, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Gregory Nelson, Jr., appeals from his convictions and sentence following a guilty plea. He raises the following assignments of error for review:

  1. Nelson did not make his plea knowingly and voluntarily.

2.  Nelson was jeopardized by his ineffective counsel.

3.  The trial court erred in sentencing Nelson separately for crimes pled to, in violation of the law of merger.

4.  It was error to separately sentence Nelson for more convictions than are authorized by law.

{¶ 2}  After careful review of the record and relevant case law, we affirm Nelson's convictions and sentence.

## I.  Procedural and Factual History

{¶ 3}  In September 2016, Nelson was named in a three-count indictment in Cuyahoga C.P. No. CR-16-609333-A, charging him with having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, with a forfeiture specification; and two counts of aggravated menacing in violation of R.C. 2903.21(A), misdemeanors of the first degree.

{¶ 4}  On the day scheduled for trial, the state set forth a proposed plea agreement on the record, stating:

> In regards to plea negotiations the agreement was for Mr. Nelson to plead to the indictment in 609333.  That is a having weapons while under disability, felony of the third degree, low tier, so punishable by 9 to 36 months and/or a fine not to exceed $10,000.
>
> There's two counts of aggravated menacing, your Honor.  Those are misdemeanors of the first degree, punishable by 0 to 180 days and/or a fine not to exceed $1,000.
>
> If Mr. Nelson took responsibility and took that agreement we would agree to dismiss case number 609591 in its entirety and put on the record that we would not reindict that case even though we would be asking for a dismissal without prejudice.

{¶ 5} Initially, Nelson expressed his desire to reject the state's plea offer and proceed with trial. However, following a break in the proceedings, Nelson stated that he wished to accept the state's proposed plea agreement.

{¶ 6} Following a Crim.R. 11 colloquy, Nelson pleaded guilty to an amended count of having weapons while under disability, with a forfeiture specification; and two counts of aggravated menacing as charged in the indictment. Pursuant to the terms of the plea, the state dismissed the charges pending against Nelson in Cuyahoga C.P. No. CR-16-609591-A. The trial court accepted Nelson's guilty plea and referred him to the county probation department for a presentence investigation report.

{¶ 7} In September 2017, the trial court sentenced Nelson to 36 months in prison on the having-weapons-while-under-disability offense. The trial court further sentenced Nelson to "six months in the county jail on aggravated menacing," to be served concurrently with the 36-month prison term.

{¶ 8} In October 2017, Nelson filed a direct appeal with this court. On appeal, this court recognized that the trial court's sentencing journal entry indicated that Count 3 of the indictment was nolled despite the trial court's acceptance of Nelson's guilty plea on that offense. Accordingly, this court dismissed the appeal for lack of a final, appealable order, stating:

> The trial court judgment of conviction originally journalized on September 21, 2017, does not dispose of each count for which the defendant was found guilty. Specifically, the court did not impose sentence with respect to Count 3, although it accepted the defendant's guilty plea and subsequently found the defendant guilty on that count.

Pursuant to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the substantive requirements that must be included within journal entry of conviction to make it final are the fact of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk. *Id.* at 11.

{¶ 9} While his direct appeal was pending, Nelson filed a postsentence motion to withdraw his guilty plea. In the motion, Nelson expressed that his decision to enter the plea was based on defense counsel's promise that the highest prison term Nelson could receive was 24 months in prison.

{¶ 10} On remand, the trial court issued a nunc pro tunc journal entry to reflect that Nelson also pleaded guilty to aggravated menacing as charged in Count 3 of the indictment. In October 2018, the trial court held a resentencing hearing. During the sentencing hearing, Nelson requested a more "lenient sentence," and noted that he had already served the majority of his sentence. Thereafter, the trial court imposed a 36-month prison term on the having-weapons-while-under-disability offense, to be served concurrently with separate six-month jail terms imposed on the aggravated menacing offenses. In the sentencing journal entry, the trial court stated that "all motions not specifically ruled on prior to the filing of this judgment entry are denied as moot."

{¶ 11} Nelson now appeals from his convictions and sentence.

## II. Law and Analysis

### A. Crim.R. 11

{¶ 12} In his first assignment of error, Nelson argues his plea was not knowingly, intelligently, and voluntarily made.

{¶ 13} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. As the Ohio Supreme Court explained in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462:

> A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision. The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial. But, by agreeing to plead guilty, the defendant loses several constitutional rights. * * * The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.

*Id.* at ¶ 25.

{¶ 14} In considering whether a criminal defendant knowingly, intelligently and voluntarily entered a guilty plea, we first review the record to determine whether the trial court complied with Crim.R. 11(C). *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991).

{¶ 15} Crim.R. 11(C) sets forth certain constitutional and procedural requirements with which the trial court must comply prior to accepting a guilty plea. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 16} The purpose of Crim.R. 11(C) is "'to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty.'" *State v. Woodall*, 8th Dist. Cuyahoga No. 102823, 2016-Ohio-294, ¶ 12, quoting *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). When a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was knowingly, intelligently, and voluntarily made. *See, e.g., State v. Alexander*, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11; *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 20.

{¶ 17} The trial court must strictly comply with those provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus. When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was

entered involuntarily and is therefore invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 18} With respect to the nonconstitutional rights described in Crim.R. 11(C)(2)(a), such as the right to be informed of the maximum penalty involved and the nature of the charges, substantial compliance with the rule is generally sufficient. *Veney* at ¶ 14, citing *State v. Stewart,* 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his [or her] plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93.

{¶ 19} "[T]here is no easy or exact way" to determine a defendant's subjective understanding. *State v. Cardona*, 8th Dist. Cuyahoga No. 75556, 1999 Ohio App. LEXIS 6064, *12 (Dec. 16, 1999), citing *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979). However, if a defendant "'receives the proper information, then we can ordinarily assume that he [or she] understands that information.'" *Cardona* at *id.*, quoting *Carter* at *id.* A defendant may learn of information not relayed to him by the trial court from other sources, such as his attorney. S*tate v. Rogers*, 8th Dist. Cuyahoga No. 103227, 2016-Ohio-1382, ¶ 18, citing *State v. McCown*, 8th Dist. Cuyahoga No. 69683, 1996 Ohio App. LEXIS 4801, *19 (Oct. 31, 1996).

{¶ 20} If an appellate court finds that a trial court did not substantially comply with a requirement of Crim.R. 11(C)(2)(a), which governs the advisement of

nonconstitutional rights, the appellate court must make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Clark* at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, i.e., "'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108. If, however, the trial court completely failed to comply, the plea must be vacated because "'[a] complete failure to comply with the rule does not implicate an analysis of prejudice.'" *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 21} In this case, the record reflects that the trial court complied with Crim.R. 11 in accepting Nelson's plea. The record plainly demonstrates that the trial court fully questioned Nelson regarding his decision to plead guilty, explained the rights that he affirmatively waived, explained the consequences of pleading guilty, and explained the maximum sentence that he could receive. In addition, the trial court advised Nelson that there was no promise of a particular sentence, and confirmed that no threats or promises were made to Nelson in exchange for his guilty plea. Nelson expressed that he understood the trial court's advisements, and the prosecutor and defense counsel each agreed that the trial court satisfied its obligations under Crim.R. 11.

{¶ 22} Nevertheless, Nelson asserts on appeal that his pleas were not knowingly, intelligently, and voluntarily entered because they were predicated on defense counsel's mistaken representation that if Nelson accepted the state's plea

offer, he "would only receive a prison term of 18 months, maximum 24 months." Nelson contends that were it not for counsel's advice, he would not have pleaded guilty and would have proceeded with a trial.

{¶ 23} Unquestionably, Nelson's position relies exclusively on a private conversation with defense counsel that occurred off the record. It is a fundamental principle of appellate review that a reviewing court is limited to the record of proceedings at trial. *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13; App.R. 12(A)(1)(b); App.R. 16(A)(7). As such, we cannot speculate as to what communications may have taken place between Nelson and defense counsel off the record. With that said, however, even if we were to assume that counsel advised Nelson that he would likely receive a prison term between 18 and 24 months, this court has previously held that "such predictions, even if erroneous, do not render a guilty plea unknowing, unintelligent or involuntary." *State v. Albright*, 8th Dist. Cuyahoga No. 107632, 2019-Ohio-1998, ¶ 21, citing *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 32 (8th Dist.).

{¶ 24} In this case, Nelson has not demonstrated that defense counsel did anything more than provide him with an estimation as to what his sentence might be in light of the relevant facts and circumstances. As stated, the record reflects that Nelson entered his guilty pleas with full knowledge of the potential sentences he could receive. Nelson expressed that he understood the trial court's advisements, that he was satisfied with defense counsel's representation, and that no threats or promises were made to him in exchange for his plea. Under the totality of these

circumstances, we find Nelson subjectively understood the consequences and implications of his guilty pleas such that his pleas were knowingly, intelligently, and voluntarily made.

{¶ 25} Nelson's first assignment of error is overruled.

### B.    Ineffective Assistance of Counsel

{¶ 26} In his second assignment of error, Nelson argues defense counsel rendered ineffective assistance of counsel by misleading him about the sentence he would receive by entering a guilty plea.  Nelson contends that he was prejudiced by counsel's deficient performance, as "he would have taken the matter to trial" but for "the unrealistic assurances made by his counsel."

{¶ 27} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 28} Generally, a guilty plea waives all appealable errors that may have occurred in the trial court, including a claim of ineffective assistance of counsel, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea.  *State v. Davis*, 8th Dist. Cuyahoga No. 103764, 2016-Ohio-7222, ¶ 23, citing *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14.  Therefore, where a defendant has entered a guilty

plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 29} As previously stated, Nelson's ineffective assistance of counsel argument relies on purported conversations that occurred off the record. Generally, "any allegations of ineffectiveness of counsel based upon facts not appearing in the trial court record must be raised using other postconviction remedies." *State v. Crawford*, 8th Dist. Cuyahoga No. 105738, 2018-Ohio-3665, ¶ 12, citing *State v. Coleman*, 85 Ohio St.3d 129, 707 N.E.2d 476 (1999); *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 2005-Ohio-5463. Nevertheless, as briefly discussed, this court has routinely held that "a lawyer's mistaken prediction about the likelihood of a particular sentence is insufficient to demonstrate ineffective assistance of counsel." *State v. Durrette*, 8th Dist. Cuyahoga No. 104050, 2017-Ohio-7314, ¶ 17, citing *State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 11, and *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073.

{¶ 30} Moreover, the record does not support Nelson's broad assertions that he was misled or induced into entering his plea. As stated, Nelson was advised of

the maximum penalties he faced and was notified that the court was free to impose a sentence within the applicable sentencing range. In addition, Nelson indicated that he was "satisfied with the work performed by [defense counsel] and confirmed that no promises were made to him in exchange for his plea." Under the totality of these circumstances, we do not find Nelson has demonstrated deficient performance of counsel, nor do we find he has shown that there is a reasonable probability that, but for the claimed error of counsel, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, we are unable to conclude that defense counsel rendered ineffective assistance of counsel.

{¶ 31} Nelson's second assignment of error is overruled.

### C. Allied Offenses of Similar Import

{¶ 32} In his third assignment of error, Nelson argues the trial court erred by failing to merge his having-weapons-while-under-disability offense with the aggravating menacing offenses for the purposes of sentencing. Nelson contends that the offenses were committed with the same animus, and therefore, were allied offenses of similar import.

{¶ 33} In his fourth assignment of error, Nelson argues the trial court erred by separately sentencing him for more convictions than are authorized by law. Nelson contends that because "the law of allied offenses of similar import controls," the trial court was not permitted to impose multiple sentences for the same act. Because these assignments of error are related, we address them together.

{¶ 34} R.C. 2941.25(A) provides when a trial court may or may not impose multiple punishments:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 35} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, N.E.3d 892, ¶ 13, 25, 31, 34, the Ohio Supreme Court explained that when a defendant's conduct constitutes a single offense, the defendant may only be convicted and sentenced for that offense. However, when the conduct "supports more than one offense, the court must determine whether the offenses merge or whether the defendant may be convicted of separate offenses." *Id.*

{¶ 36} The trial court must make a determination and must consider the defendant's conduct, in particular, "how the offenses were committed." *Id.* at ¶ 25. To this end,

> [A] defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the offenses are dissimilar in import or significance, i.e., each offense caused separate, identifiable harm, (2) the offenses were committed separately or (3) the offenses were committed with separate animus or motivation.

*State v. Bridges*, 8th Dist. Cuyahoga No. 105547, 2017-Ohio-8579, 101 N.E.3d 108, ¶ 21, citing *Ruff*. If the trial court finds any of the three above criteria, a defendant may be convicted of all of the offenses separately.

{¶ 37} Nelson did not raise an allied offense issue or otherwise object to the sentences imposed by the trial court. Thus, Nelson has forfeited all but plain error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, 21 (a defendant who fails to raise an allied offense issue in the trial court forfeits all but plain error); *State v. Teaque*, 8th Dist. Cuyahoga No. 106469, 2018-Ohio-3997, ¶ 12; *State v. Ross*, 8th Dist. Cuyahoga No. 106167, 2018-Ohio-2297, ¶ 14; *State v. Clarke*, 8th Dist. Cuyahoga No. 105047, 2017-Ohio-8226, ¶ 26-27. "A forfeited error is not reversible error unless it affected the outcome of the proceedings and reversal is necessary to correct a manifest miscarriage of justice." *State v. Amison*, 8th Dist. Cuyahoga No. 104728, 2017-Ohio-2856, ¶ 4, citing *Rogers* at ¶ 3. If a defendant fails to raise the issue of allied offenses at the trial-court level, "the burden is solely on that defendant, not on the state or the trial court, to 'demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus.'" *State v. Locke*, 8th Dist. Cuyahoga No. 102371, 2015-Ohio-3349, ¶ 20, quoting *Rogers* at *id.*

{¶ 38} In this case, Nelson pleaded guilty to Count 1 of the indictment, having weapons while under disability, which alleges that on August 27, 2016, Nelson "did knowingly acquire, have, carry, or use any firearm or dangerous

ordnance and he was under indictment for or has been convicted of any felony offense of violence[.]"

{¶ 39} Nelson further pleaded guilty to Count 2 of the indictment, aggravated menacing, which alleges that on August 27, 2016, Nelson "did knowingly cause [Victim 1] to believe that [Nelson] will cause serious physical harm to [Victim 1] or the property of [Victim 1]."

{¶ 40} Finally, Nelson pleaded guilty to Count 3 of the indictment, aggravated menacing, which alleges that on August 27, 2016, Nelson "did knowingly cause [Victim 2] to believe that [Nelson] will cause serious physical harm to [Victim 2] or the property of [Victim 2]."

{¶ 41} After careful review, we find the separate aggravated-menacing offenses were not allied offenses of similar import. The offenses were committed against separate victims and, therefore, are of dissimilar import within the meaning of R.C. 2941.25(B). *See State v. Williams*, 8th Dist. Cuyahoga No. 106266, 2018-Ohio-3368, ¶ 81 ("Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'"), quoting *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at paragraph two of the syllabus.

{¶ 42} Moreover, we find the trial court did not commit error, plain or otherwise, by failing to merge the having-weapons-while-under-disability offense with either of the aggravated-menacing offenses for the purposes of sentencing. This

court has determined that that "the animus of having a weapon under disability is making a conscious choice to possess a weapon." *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 39. This court explained that where a defendant acquires a weapon sometime prior to committing a separate crime, "[t]he fact that he then used the weapons to commit the other crimes does not absolve [the defendant] of the criminal liability that arises solely from his decision to illegally possess the weapons." *Id.*

{¶ 43} In this case, Nelson committed the offense of having a weapon while under disability the moment he made the conscious decision to possess a firearm because he had previously been convicted of a felony offense of violence. Nelson's commission of the aggravated menacing offenses against Victims 1 and 2 constituted acts that were separate and distinct from his decision to possess the weapon. Accordingly, the trial court did not err by failing to merge the offenses and imposing separate concurrent sentences.

{¶ 44} Nelson's third and fourth assignments of error are overruled.

{¶ 45} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
LARRY A. JONES, SR., J., CONCUR